**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 5:14-cv-17-Oc-10PRL**

**LORI J. HUNTER, STEPHEN C. HUNTER, DALE SCOTT HEINEMAN and KURT F. JOHNSON**

**Defendants.**

---

# ORDER

This matter is before the Court on Defendants Lori J. Hunter and Stephen C. Hunter's Verified Motion to Intervene and Removal of Trustee. (Doc. 12). The United States has filed a response in opposition. (Doc. 16).

This is an action by the United States to reduce to judgment Lori J. Hunter and Stephen C. Hunter's unpaid federal income tax liabilities for certain tax periods between 1997 and 2009 and to collect some of the amount owed by enforcing federal tax liens against the Hunters' real property. (Doc. 1). The Complaint alleges that the Hunters purported to convey title to the real property (upon which the United States seeks to foreclose) via quit-claim deed, to Defendants Dale Scott Heineman and Kurt F. Johnson as trustees of a trust (the "Hunter Family Trust"). Currently, Heineman and Johnson are serving federal prison sentences for their role in an illegitimate debt-elimination scheme, which according to the United States included having the Hunters transfer their property to Heineman and Johnson as trustees. *See United States v. Johnson, et al.*, 610 F.3d 1138, 1140-41 (9th Cir. 2010)(describing the debt-elimination scheme).

In the instant motion, the Hunters seek leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24. However, the Hunters are already parties to this action, and thus, they are able to represent their own interests in the litigation. Accordingly, the Hunters' request to intervene is due to be **DENIED** as **moot**.

The Hunters also request that the Court remove Heineman and Johnson as trustees and appoint "some other proper and suitable person" as trustee of the Hunter Family Trust. However, the Hunters cite no legal authority to suggest that this is the proper forum to seek this relief. Indeed, although the Hunters cite a Florida Statute governing trust proceedings[1], the Hunter Trust established its domicile in Alameda County, California and instructs that the Trust "shall be construed under the laws of that jurisdiction." Doc. 16, Exhibit C at ¶3.1. Moreover, even if this Court can properly address the removal of the trustees, the Hunters have offered only conclusory statements as to why Heineman and Johnson should be removed – i.e., they are unable to communicate due to being in solitary confinement; they have breached their duties as Trustees; and they cannot defend the interest of the Hunters – and they have failed to provide any legal analysis or even identify the appropriate legal standard for removal of a trustee. Accordingly, the Hunters' motion to remove the trustees is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on May 13, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to: Counsel of Record

---

[1] The Hunters cite §736.0201(4), Florida Statutes, which provides that "[a] judicial proceeding involving a trust may relate to the validity, administration, or distribution of a trust, including proceedings to . . . appoint or remove a trustee."

- 3 -

Case 5:14-cv-00017-WTH-PRL   Document 18   Filed 05/13/14   Page 3 of 3 PageID 71